*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WM.

---

JAMES AMYDORAL,

        Petitioner-Appellee,

v

WM, also known as WJM,

        Respondent-Appellant.

UNPUBLISHED
September 19, 2024

No. 369256
Washtenaw Probate Court
LC No. 23-000885-MI

---

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

PER CURIAM.

Respondent appeals as of right the probate court's order compelling involuntary mental-health treatment. On appeal, respondent argues that the probate court clearly erred by concluding that there existed clear and convincing evidence supporting a determination that respondent was a "person requiring treatment" pursuant to the Mental Health Code (MHC), MCL 330.1001 *et seq*. We affirm.

This appeal requires us, in part, to construe the MHC, which is a legal issue subject to de novo review. *In re Tchakarova*, 328 Mich App 172, 182; 936 NW2d 863 (2019). We review for an abuse of discretion a probate court's dispositional rulings and review for clear error its factual findings in relation to the court's decision in an involuntary-commitment case. *Id.*[1] A probate

---

[1] Petitioner asserts that plain-error review applies to respondent's argument on appeal; however, respondent was not required to object to or otherwise challenge the probate court's finding that respondent was a "person requiring treatment" under the MHC. See *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018); see also MCR 2.517(A)(7) (addressing findings in a bench trial and stating that "[n]o exception need be taken to a finding or decision").

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

court's factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake was made, even when there is evidence to support the finding. *Id.* A probate court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Id.* "The reviewing court will defer to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Erickson Estate*, 202 Mich App 329, 331; 508 NW2d 181 (1993).

The MHC authorizes a probate court to issue involuntary mental-health treatment orders for individuals who are determined to be a "person requiring treatment." MCL 330.1468(2). MCL 330.1401(1) provides that a "person requiring treatment" includes any one of the following individuals:

(a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

(b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

(c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

The probate court may only find that an individual is a "person requiring treatment" if that fact is established by clear and convincing evidence. MCL 330.1465.

Evidence is clear and convincing if it produces a firm belief or conviction regarding the truth of the allegations sought to be established or when it is so clear, direct, weighty, and convincing so as to enable the trier of fact to come to a clear determination, without hesitancy, concerning the truth of the precise allegations at issue. *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995). Evidence can be uncontroverted, yet not be clear and convincing; conversely, evidence may be clear and convincing even if it has been contradicted. *Id.*

In this case, the probate court determined that clear and convincing evidence was presented demonstrating that respondent was a "person requiring treatment" under MCL 330.1401(1)(a) through (c). With respect to MCL 330.1401(1)(a), Dr. Scott Mariouw specifically testified that respondent was at risk of unintentionally harming himself or others given respondent's

engagement in disorganized behaviors, such as constantly using an ozone machine and starting a kitchen fire. Dr. Mariouw explained that these behaviors suggested impaired judgment on the part of respondent. Although respondent testified that the kitchen fire was an accident, this contention does not diminish the potential harm that respondent could unintentionally cause to himself or others. Dr. Mariouw additionally testified that respondent endorsed paranoia and grandiose delusions, which could cause further disorganized behaviors. For purposes of MCL 330.1401(1)(a), we conclude that the probate court did not clearly err by finding that Dr. Mariouw's testimony constituted clear and convincing evidence that respondent could reasonably be expected to unintentionally injure himself or others in the near future as a result of his mental illness.[2]

With respect to whether respondent was a "person requiring treatment" under MCL 330.1401(1)(b), Dr. Mariouw testified that, on the basis of collateral source reports, there was concern regarding respondent's ability to meet his own basic needs, including eating a sufficient amount of food, where respondent believed at times that his food was poisoned. On appeal, respondent argues that hospital staff never reported that he refused to eat out of fear that his food had been poisoned. This assertion is unsubstantiated by record evidence and was not raised before the probate court. Further, respondent's actions in eating while hospitalized did not diminish the fact that he was not eating regularly or properly when living on his own. Indeed, MCL 330.1401(1)(b) concerns respondent's ability to attend to his own needs. Therefore, his behavior in regard to food while hospital staff were tasked with ensuring that his sustenance needs were being met was not of great consequence to determining whether respondent was a "person requiring treatment" under MCL 330.1401(1)(b). At the hearing on the petition, respondent testified that he had not been eating consistently because he had COVID-19, which made him dizzy and unable to taste most food. Despite this testimony, it was within the probate court's authority to judge the credibility of both witnesses—Dr. Mariouw and respondent—and rely on the testimony of the witness it deemed more credible. And, again, evidence may be clear and convincing even when contradicted. We conclude that the probate court did not clearly err by finding that Dr. Mariouw's testimony constituted clear and convincing evidence that respondent was a "person requiring treatment" under MCL 330.1401(1)(b).

---

[2] Dr. Mariouw testified that, on the basis of his personal examination of respondent and respondent's medical history, he diagnosed respondent with schizoaffective disorder, bipolar type. Respondent focuses on a report by Dr. Michael Behen, who examined respondent in May of 2018. Dr. Behen's report is in the lower court record, but it does not appear that it was presented to the probate court at the hearing on the petition. Dr. Behen diagnosed respondent with autism spectrum disorder, post-traumatic stress disorder, and attention deficit / hyperactivity disorder. Respondent argues that Dr. Behen did not diagnose him with schizoaffective disorder. But to the extent that Dr. Behen's report can be considered, he did acknowledge that respondent had a diagnostic history that included schizoaffective disorder. Dr. Behen also noted that respondent had "longstanding behavioral control problems" and "historical problems in living." Aside from the fact that Dr. Behen examined respondent several years ago, as compared to the current examination by Dr. Mariouw, we see nothing in Dr. Behen's report that undermines Dr. Mariouw's opinions.

Finally, with respect to whether respondent was a "person requiring treatment" under MCL 330.1401(1)(c), Dr. Mariouw testified that he had concerns about respondent's ability to understand his need for treatment. Dr. Mariouw explained that, historically, respondent discontinued medications following hospitalizations. Furthermore, although respondent initially agreed to comply with taking his medications during his current hospitalization, he later declined to do so. Respondent also testified that he would not be willing to engage in treatment as indicated by Dr. Mariouw because respondent wanted an immediate discharge from hospitalization. Respondent did note, however, that he would be willing to participate in outpatient treatment if he were discharged from the hospital. Respondent's limited engagement in the treatment prescribed by Dr. Mariouw constituted evidence that respondent lacked an understanding of his need for treatment, as well as demonstrating an unwillingness to voluntarily participate in, and adhere to, treatment. Accordingly, the probate court did not err by finding that respondent lacked an understanding of his need for treatment. Thus, we conclude that the probate court did not clearly err by finding that clear and convincing evidence existed showing that respondent was a "person requiring treatment" for purposes of MCL 330.1401(1)(c).

Affirmed.


/s/ Sima G. Patel
/s/ Christopher P. Yates
/s/ Douglas B. Shapiro